IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD GENE BLANTON | § | |
| (TDCJ No. 1307891), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:15-cv-3757-L-BN |
| | § | |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Donald Gene Blanton, a Texas inmate, proceeding *pro se*, has filed

documents that have been construed as an application for writ of habeas corpus

pursuant to 28 U.S.C. § 2254. *See* Dkt. Nos. 4 & 8. For the reasons explained below,

this construed habeas application appears to be an unauthorized successive petition,

and the Court should transfer it to the United States Court of Appeals for the Fifth

Circuit for appropriate action.

**Background**

Blanton is currently incarcerated pursuant to two convictions, for tampering

with physical evidence, pursuant to which he was sentenced to life imprisonment, and

for possession of less than one gram of cocaine, pursuant to which he was sentenced

to 20 years' imprisonment. *See State v. Blanton*, Nos. 23592-86 & 23078-86 (86th Dist.

Ct., Kaufman Cnty., Tex. June 29, 2005), *aff'd*, *Blanton v. State*, Nos. 05-05-01060-CR

& 05-05-01061-CR, 2006 WL 2036615 (Tex. App. – Dallas July 21, 2006, pet ref'd). This Court has considered, and denied on their merits, previous Section 2254 habeas applications concerning both convictions. *See Blanton v. Quarterman*, No. 3-08-cv-941-B, 2008 WL 4809423 (N.D. Tex. Nov. 4, 2008) (as to the tampering with physical evidence conviction, in which the Court noted that the length of Blanton's sentence was owed to an enhancement based on two prior felony convictions); *Blanton v. Thaler*, No. 3:08-cv-1081-O, 2010 WL 5538408 (N.D. Tex. Dec. 7, 2010), *rec. adopted*, 2011 WL 49292 (N.D. Tex. Jan. 6, 2011) (as to the drug conviction).

After this Court denied habeas relief, Blanton continued to collaterally attack these convictions in the state courts. *Compare, e.g.,* Dkt. No. 3 at 1 (titled a notice of appeal and referencing a 2015 denial from the Texas Court of Criminal Appeals), *with Ex parte Blanton*, WR-57,250-13 (Tex. Crim. App. Nov. 18, 2015) (denying writs of mandamus related to the two Kaufman County convictions).

Because Blanton's pleadings make clear that he is attempting to seek federal review of state-court decisions concerning post-conviction challenges to the two state convictions that this Court has already reviewed, his current action is an unauthorized successive habeas action. And, for the reasons explained below, the Court should transfer Blanton's current habeas application to the United States Court of Appeals for the Fifth Circuit for appropriate action.

## Legal Standards and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a "second or successive"

application for federal habeas relief, *see generally* 28 U.S.C. § 2244, and "was enacted

in part to bring finality to state court judgments," *Leal Garcia v. Quarterman*, 573 F.3d

214, 220 (5th Cir. 2009) (citing *Williams v. Taylor*, 529 U.S. 420, 436 (2000)). As the

Fifth Circuit has explained,

> Section 2244 lays out the requirements for filing successive petitions,
> serving as gate-keeper by preventing the repeated filing of habeas
> petitions that attack the prisoner's underlying conviction. The statute
> does not define "second or successive," however, and we have made clear
> that a petition is not "second or successive" merely because it is
> numerically second. In *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998), we
> defined a "second or successive" petition as one that "1) raises a claim
> challenging the petitioner's conviction or sentence that was or could have
> been raised in an earlier petition; or 2) otherwise constitutes an abuse of
> the writ." Section 2244 specifies when a later-in-time petition will be
> heard. Despite its strictures, the case law clarifies that there is a category
> of petitions that, even though later in time, are outside the confines of §
> 2244 and will be heard because they are not "second or successive" within
> the meaning of AEDPA.

*Id.* (footnotes omitted and internal citation modified).

Where multiple Section 2254 petitions attack the same judgment(s), a court

"'look[s] to pre-AEDPA abuse of the writ principles in determining whether [a] petition

is successive.'" *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting

*Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003)); *see id.* ("We held that Crone's

petition was successive because he 'knew of all of the facts necessary to raise his

[second] claim before he filed his initial federal petition.' This holding aligned with our

'strong policy against piecemealing claims.'" (quoting *Crone*, 324 F.3d at 837)).

The Court must determine whether a subsequent federal habeas application is

second or successive within the meaning of AEDPA to ensure that there is subject

matter jurisdiction. *See Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)); *see also Crone*, 324 F.3d at 836 (collecting cases); *cf. Linzy v. Faulk*, No. 14-cv-00962-BNB, 2014 WL 5355293, at *3 (D. Colo. Oct. 21, 2014) ("[t]he one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional," and "[t]here is no language in 28 U.S.C. § 2244(d) that would prohibit [a court] from bypassing the issue of timeliness if the claims asserted in the § 2254 Application are without merit" (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006))).

A claim presented in a second or successive application under Section 2254 must be dismissed unless:

(A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)   (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). But that determination must be made by a three-judge panel of the circuit court of appeals before a petitioner files an application in district court. *See id.* § 2244(b)(3); *see also Garcia Briseno v. Dretke*, Civ. A. No. L-05-08, 2007 WL 998743, at *2 (S.D. Tex. Mar. 29, 2007) ("A circuit court preliminarily authorizes the

-4-

filing of a successive action if a petitioner shows that it is 'reasonably likely' that his successive petition meets section 2244(b)'s 'stringent requirements.'" (quoting *In re Morris*, 328 F.3d 739, 740 (5th Cir. 2003))).

Blanton's current claims are successive within the meaning of AEDPA. First, his pleadings reference alleged defects in his original trial. *See* Dkt. No. 8. It also does not matter that Blanton has pursued further state-court review since this Court denied his previous Section 2254 applications, because the state-court decisions all concern the same convictions that this Court previously considered. *See Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2015 WL 694953 (N.D. Tex. Feb. 18, 2015) (transferring to the Fifth Circuit as successive habeas application presenting claims first raised and then exhausted in the state courts only after prior federal-court consideration of the same state conviction); *see also Leal Garcia*, 573 F.3d at 222 ("Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive." (footnotes omitted)).

Blanton's failure to obtain leave from the Fifth Circuit under Section 2244(b)(3) before filing his current application "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over [it] until [the Fifth Circuit grants him] permission to file [it]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted); *accord*

*Crone*, 324 F.3d at 836; *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010). Thus,

> it is appropriate for the Court to dismiss the successive [habeas application] without prejudice pending review by a three-judge panel of the Fifth Circuit[, but] it is also appropriate to transfer [it] to the Fifth Circuit for a determination of whether [Blanton] should be allowed to file the successive [application] in the district court.

*United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (citing *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)), *rec. adopted*, 3:03-cv-1524-D, Dkt. No. 7 (N.D. Tex. July 28, 2003). Here, given the relief Blanton appears to seek, and because this appears to be his first successive habeas application concerning these convictions, transfer appears appropriate.

## Recommendation

The Court should transfer Blanton's current habeas application to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 19, 2016

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE