IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DONALD GENE BLANTON, #1307891,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-3757-L** |
| | § | |
| **WILLIAMS STEPHENS, Director** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

This habeas case was referred to Magistrate Judge David L. Horan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on February 19, 2016, recommending that Petitioner's habeas petition be construed as successive and transferred to the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3). Petitioner filed objections to the Report, which were received on March 8, 2016.

When a petition is deemed successive, the district court lacks subject matter jurisdiction unless a panel of the Fifth Circuit allows the successive petition to proceed. After reviewing the pleadings, file, record in this case, Petitioner's objections, and Report, and having conducting a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Petitioner's objections, **dismisses** this action for lack of subject matter jurisdiction, and **directs** the clerk of the court to **transfer** the habeas petition in this case to the Fifth Circuit for determination. The clerk shall also **term** all pending motions in this case filed by Plaintiff (Docs. 4, 10, 11).

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's Report filed in this case. In the event that Petitioner files a notice of appeal, he may proceed *in forma pauperis* on appeal.

**It is so ordered** this 16th day of March, 2016.

Sam A. Lindsay
United States District Judge

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.